IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BAEZ,

    Petitioner,                    No. CIV S-11-2553 EFB P

    vs.

G. SWARTHOUT,

    Respondent.               ORDER AND
                                                          FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.  He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at his sixth parole consideration hearing held on August 4, 2010. Dckt. No. 1 at 1.[1] He claims that the Board's 2010 decision violated his right to due process. *Id.* This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner has paid the filing fee and has also filed a motion seeking leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).  Because petitioner has paid the filing fee, his motion for leave to proceed in forma pauperis will be denied as unnecessary.  In addition, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

## I. Petitioner's Due Process Claim

Petitioner alleges that the Board's decision violated his right to due process because it was "arbitrary and capricious" and because the Board members relied on "their own personal information" in finding that petitioner would pose an unreasonable risk of danger to the public if he was released from prison. Dckt. No. 1 at 1. He further claims that he was "deprived of his procedural due process interests to adequate notice and a fair hearing by an impartial and disinterested decisionmaker." *Id.* at 14. The gist of petitioner's allegations is that he was not notified of the Board members' unspoken feelings and thoughts and therefore could not adequately respond to those feelings and thoughts at the hearing. *Id.* at 14-21. He claims that the Board members' statements at the hearing "clearly reveal that they were not an unbiased or disinterested decisionmaker," but that they relied on guesswork and unspoken biases in denying him a parole date. *Id.* Petitioner argues at length that all relevant factors indicate he is suitable for parole. *Id.* However petitioner articulates his claims, in substance he is claiming that the Board's 2010 unfavorable suitability decision was not supported by sufficient, reliable evidence of his current dangerousness, in violation of the due process clause.

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __, ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* (federal due process satisfied where petitioners were "allowed to speak at their parole hearings

and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was prevented from attending the hearing, that he was denied an opportunity to be heard, or that he was deprived of a statement of reasons why the Board denied him parole. Rather, it appears from the petition that petitioner was present at his 2010 parole suitability hearing, that he spoke at the hearing, and that he received a statement of the reasons why parole was denied. *See* Dckt. No. 1 at 14-31. This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Accordingly, petitioner is not entitled to relief on his due process claim.[2]

## II.   Conclusion

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

---

[2] In November 2008, California voters passed Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which changed numerous aspects of California's parole system, including the availability and frequency of parole hearings for prisoners not found suitable for parole. *See Gilman v. Davis*, 690 F. Supp.2d 1105, 1128 (E.D.Cal. 2010) (granting a preliminary injunction enjoining the enforcement of certain portions of Proposition 9 as to the named plaintiffs on the basis of their Ex Post Facto challenge), *rev'd sub. nom.*, *Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011). Although petitioner mentions Proposition 9 in the body of the petition (*see* Dckt. No. at 9, 27), he does not raise a separate claim challenging that law. Even if he did, any such claim should be dismissed because petitioner is a member of the *Gilman* class. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is denied as unnecessary;

2. The Clerk of Court is directed to randomly assign a United States District judge to this action; and

3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's July 21, 2011 petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Further, it is hereby RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as denial of parole by the parole board).

DATED: January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4